**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Jaffer Odeh,** | ) | **CASE NO. 1:09 CV 1114** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Auto Club Insurance Assn.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**INTRODUCTION**

This matter is before the Court upon defendant's Motion to Dismiss First Amended Complaint for Lack of Personal Jurisdiction, or in the Alternative, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Doc. 20). This is an insurance breach of contract, negligence, and bad faith dispute. For the following reasons, defendant's motion is DENIED and the Court hereby TRANSFERS this matter to the United States District Court for the Eastern District of Michigan, Southern Division.

**FACTS**

Plaintiff, Jaffer Odeh, an Ohio citizen, brings this action against defendant, Auto Club

1

Insurance Association (hereinafter "ACIA" or "defendant"), a Michigan insurance company. He alleges that defendant breached its insurance contract under which plaintiff is insured by failing to pay for needs that arose out of a covered accident, including attendant care expenses, modified vehicles, and a wheelchair ramp.

Plaintiff was involved in a motor vehicle accident on May 24, 1998 in Michigan that rendered him an incomplete quadriplegic. At the time, plaintiff was a Michigan resident and was covered under an automobile insurance policy issued by defendant in Michigan that included personal protection insurance benefits. Plaintiff's father, a Michigan resident, is the policyholder. Plaintiff moved to Ohio in 2007. Plaintiff alleges that since the accident he has required attendant care, medical devices and equipment, and special housing and transportation accommodations. Plaintiff asserts that benefits are available under the policy for these special needs but defendant has failed to pay all of the benefits to which he is entitled. Plaintiff further alleges that defendant concealed from him the available attendant care benefits. Plaintiff also alleges that defendant has a practice of not informing its insureds of available benefits, including the right to receive housing accommodations, transportation benefits, and commercially reasonable agency market rates for attendant care, which violates its alleged duty to disclose such benefits.

The complaint contains three claims for relief. Count one is claim for breach of contract for defendant's alleged failure to pay all of the personal protection insurance benefits to which plaintiff is entitled under the policy. Count two is a claim for negligence for defendant's failure to comply with its obligation of ordinary care by failing to disclose to plaintiff the benefits available under the policy, failing to conduct a proper investigation, and failing to comply with

the law.  Count three is a claim for bad faith for defendant's breach of its obligation of good faith and fair dealing by refusing to pay benefits without reasonable justification, forcing plaintiff to file suit to obtain benefits, failing to properly investigate plaintiff's claims, failing to disclose to plaintiff the benefits available under the policy, and failing to provide benefits.

Defendant now moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.  Plaintiff opposes the motion.

**STANDARD OF REVIEW**

Presented with a motion to dismiss for lack of personal jurisdiction and opposition thereto, "a court has three procedural alternatives:  it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).  The court has discretion to decide which method it will follow. *Id.* However the court handles the motion, the plaintiff always bears the burden of establishing that jurisdiction exists. *Serras v. First Tennessee Bank National Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989).  If the defendant supports his motion to dismiss with affidavits, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction. *Theunissen*, 935 F.2d at 1458 (citing *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 930 (6th Cir. 1974).

In the absence of an evidentiary hearing, the court must view the pleadings and affidavits in the light most favorable to the plaintiff and not consider the controverting assertions of defendant. *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721-22 (6th Cir. 2000).  Thus, the plaintiff's burden is only that of making a *prima facie* showing that personal jurisdiction exists in

3

order to defeat dismissal. *Id. See also Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) ("When the district court dismisses a complaint pursuant to Rule 12(b)(2) without conducting an evidentiary hearing on the issue of personal jurisdiction . . . the plaintiff need only make a *prima facie* showing of jurisdiction . . . [and the court] will not consider facts proffered by the defendant that conflict with those offered by the plaintiff[.]"). This burden is "relatively slight." *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988). A *prima facie* showing is made by "establishing with reasonable particularity sufficient contacts between [defendant] and the forum state to support jurisdiction." *Neogen Corporation v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (internal citations omitted). Under this standard, dismissal is "proper only if *all* the specific facts which the plaintiff . . . alleges collectively fail to state a *prima facie* case for jurisdiction." *Kerry Steel, Inc. v. Paragon Industries, Inc.*, 106 F.3d 147, 149 (6th Cir. 1997) (quoting *Theunissen*, 935 F.2d at 1458) (emphasis added by *Kerry Steel* court).

## ANALYSIS

The Due Process Clause protects a person's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (internal quotations and citations omitted). By requiring that a person have fair warning that a particular activity may subject him to the jurisdiction of a foreign sovereign, the Due Process Clause gives a degree of predictability to the legal system that allows a potential defendant to structure his primary conduct with some minimum assurance as to where that conduct will and will not render him liable to suit. *Id.*

4

"In dealing with a diversity case, [the court] looks to the law of the forum state to determine whether personal jurisdiction exists. The exercise of personal jurisdiction is valid only if it meets both the state long-arm statute and constitutional due process requirements." *Calphalon*, 228 F.3d at 721-22 (internal citations omitted). Ohio's long-arm statute provides in relevant part:

> A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> (1) transacting any business in this state;
>
> (2) contracting to supply services or goods in this state;
>
> (3) causing tortious injury by an act or omission in this state;
>
> (4) causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state; . . .[and]
>
> (6) causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state[.][1]

Ohio Rev. Code § 2307.382(A).

The Ohio long-arm statute does not extend to the constitutional limits of the Due Process Clause. The central inquiry, nevertheless, is whether "minimum contacts are satisfied so as not to offend 'traditional notions of fair play and substantial justice.'" *Calphalon,* 228 F.3d at 721. To establish that the Court has general jurisdiction over a defendant, the plaintiff must make "a

---

[1] The parties do not assert that any other subsections of the Ohio long-arm statute could apply.

showing that the defendant has continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims the plaintiff may have against the defendant." *Kerry Steel*, 106 F.3d at 149. Specific personal jurisdiction, on the other hand, exposes the defendant to suit in the forum state "only on claims that 'arise out of or relate to' a defendant's contacts with the forum." *Id.* (internal citations omitted).

The Court applies a three-part test to determine whether the Court has specific jurisdiction over a defendant:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). In other words, there must be a "relationship among the defendant, the forum, and the litigation" to support a finding of specific jurisdiction over a defendant. *Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408, 414 (1984). Defendant's "conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *Burger King*, 471 U.S. at 474 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

> The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum

6

State, thus invoking the benefits and protections of its laws.

*Id.* (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).  Even a single act can support jurisdiction so long as it creates a "substantial connection" with the forum rather than an "attenuated" one.  *Burger King*, 471 U.S. at 475 n.18.

**A.     General Jurisdiction**

Defendant argues that it does not maintain the continuous and systematic contacts with Ohio that justify the exercise of general personal jurisdiction over it.  Defendant is not licensed to sell insurance in Ohio, has never issued an insurance policy in Ohio, does not advertise in Ohio, and does not accept applications for coverage or collect payments from Ohio residents.  Nor does defendant own any Ohio real estate, maintain Ohio offices, or have employees in Ohio.

Plaintiff argues that the continuous and systematic contacts with Ohio required for the Court's exercise of general personal jurisdiction over a party can occur through the activities of a related or subsidiary company where the separation is fictitious, the subsidiary is the agent of the parent, or there is undue control by the parent.  Plaintiff argues that defendant's subsidiary, Auto Club Property-Casualty Insurance Company (hereinafter "ACPCIC"), is authorized to write insurance in Ohio and does so.  Plaintiff states that ACPCIC "is operated and controlled completely by its sole owner, ACIA, through ACIA's employees, including the handling of all finances."  Plaintiff asserts that "ACIA is ACPCIC and vice versa."  Plaintiff also argues that a principal is subject to personal jurisdiction in Ohio when operating through its agent.  In support, plaintiff states that defendant appointed Auto Club Services (hereinafter "ACS"), who is licensed to do business in Ohio, as its attorney-in-fact to conduct ACPCIC's affairs and that ACS thus

7

does business in Ohio by conducting ACPCIC's affairs.

Upon review, the Court finds that defendant does not have sufficient continuous and systematic contacts with Ohio to justify the Court's exercise of general jurisdiction. Defendant does not advertise or solicit business, write insurance, issue policies, or maintain any offices in Ohio. Defendant has a subsidiary that allegedly conducts some portion of its business in Ohio, but this contact is not enough for the Court to exercise general jurisdiction over defendant in actions not arising from its contacts with Ohio.

Although plaintiff argues that the Court can exercise general jurisdiction over defendant by virtue of defendant's relationship with ACPCIC, plaintiff cites no case in support of his argument. The cases plaintiff cites are simply inapposite. Plaintiff points the Court to *Velandra v. Regie Nationale des Usines Renault,* 336 F.2d 292, 297 (6th Cir. 1964), but in that case the Sixth Circuit held:

> [T]he ownership of the subsidiary carrying on local activities in Michigan represents merely one contact or factor to be considered in assessing the existence or non-existence of the requisite minimum contacts with the State of Michigan, but is not sufficient of itself to hold the present corporations amenable to personal jurisdiction.

*Id.* (holding that the court had no jurisdiction over defendant).[2] Plaintiff also cites *Third*

---

[2] The Sixth Circuit stated the following with respect to decisions holding foreign corporations amenable to jurisdiction based on the activity of local subsidiaries: "It should be noted that the ruling of the *Cannon* case, if not qualified by the subsequent ruling in the *International Shoe Company* case, has been at least qualified in later cases holding foreign corporations amenable to the personal jurisdiction of local courts because of the local activities of subsidiary corporations upon the theory that the corporate separation is fictitious, or that the parent has held the subsidiary out as its agent, or more vaguely, that the parent has exercised an undue degree of control over the subsidiary. Unfortunately, such reasoning in these and similar cases, fails to explain the decisions of the courts adequately. Thus the law relating to the fictions of agency and of separate corporate entity was developed for purposes

8

*National Bank in Nashville v. WEDGE Group, Inc.,* 882 F.2d 1087 (6th Cir. 1989), in which the Sixth Circuit explicitly found general personal jurisdiction over the non-resident parent company to be *lacking*, although specific personal jurisdiction existed because the action was related to its Tennessee contacts. *In re Teletronics Pacing Systems, Inc.,* 953 F. Supp. 909 (S.D. Ohio 1997) is inapposite because the subsidiaries in that case were the manufacturers of the allegedly defective medical equipment that was the subject of the suit, and the court's inquiry was whether specific personal jurisdiction as to the foreign parent companies existed based on the parent companies' contacts with the subsidiaries. Plaintiff also cites *Bradford Co. v. Afco Mfg.,* 560 F. Supp. 2d 612, 626 (S.D. Ohio 2008), where the court found a foreign parent company's contacts insufficient to exercise general personal jurisdiction over that company even though its subsidiary was located in Ohio. Finally, *Floyd P. Bucher & Sons, Inc., v. Spring Valley Architects, Inc.,* 683 N.E.2d 875 (Ohio Com. Pl. 1996), which plaintiff cites in support of his agency argument, is another specific jurisdiction case.

      Assuming that the Court could exercise general personal jurisdiction over a parent company due to the activities of a related or subsidiary company where the separation is fictitious, the subsidiary is the agent of the parent, or there is undue control by the parent, plaintiff has not made a *prima facie* case here, even with the evidence construed in the light most favorable to plaintiff. First, plaintiff has not shown that ACPCIC is subject to general personal jurisdiction in Ohio. Plaintiff alleges only that "ACPCIC is authorized to and does write insurance in Ohio," and that ACS, as defendant's attorney-in-fact, carries out ACPCIC's

---

other than determining amenability to personal jurisdiction, and the law of such amenability is merely confused by reference to these inapposite matters." *Velandra,* 336 F.2d at 296-97.

operations in Ohio. This is insufficient to show that ACPCIC "has continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims the plaintiff may have against"ACPCIC. *Kerry Steel*, 106 F.3d at 149. Secondly, although plaintiff has attached numerous exhibits to its opposition showing that defendant and ACPCIC are related companies, plaintiff has not shown that defendant is ignoring corporate formalities, that ACPCIC acts as defendant's agent, or that defendant exerts *undue* control over ACPCIC. *See Schwartz v. Electronic Data Systems, Inc.,* 913 F.2d 279, 283 (6th Cir. 1990) (holding that, in any case where federal court jurisdiction depends on the relationship between a corporate parent and its corporate subsidiary, a subsidiary is a separate citizen where corporate formalities are maintained even where the parent exerts a high degree of control). Mere conclusions such as "ACIA is ACPCIC and vice versa" are insufficient to state a *prima facie* case of general personal jurisdiction. Accordingly, the Court does not have general jurisdiction over defendant.

**B.     Specific Jurisdiction**

Defendant argues that it has never purposefully availed itself of the privilege of conducting business in Ohio. It issued the policy in Michigan, to a Michigan resident, and invoked the protection of Michigan's laws in the policy. Additionally, all premium payments were made from and received in Michigan, and all claims handling, claims adjusting, and benefit payments occurred in Michigan. Defendant claims the only connection between defendant and Ohio is that plaintiff fortuitously moved there 10 years after the policy was issued. Such a unilateral act, defendant argues, is insufficient to create personal jurisdiction over it. Defendant also argues that its communications to plaintiff in Ohio arose from inquiries initiated by plaintiff.

10

Defendant further argues that the operative facts in this case do not arise from defendant's contacts with the forum, as the sole operative fact occurring in Ohio is that plaintiff is now living here. Finally, defendant argues that Ohio has little interest in a lawsuit involving a Michigan insurance company, a Michigan insurance policy, a Michigan policyholder, and an insured injured in Michigan, making the exercise of jurisdiction in this case unreasonable.

Plaintiff responds that "transacting any business" is very broadly construed under the Ohio long-arm statute, and argues that defendant has transacted business in Ohio by engaging in adjusting activities that affect Ohio and relate to Ohio, making payments to Ohio, conducting an investigation in Ohio, sending letters to plaintiff in Ohio, benefitting from coordination with an Ohio health insurer, and that benefits go to a citizen of Ohio for use in Ohio. Plaintiff also argues that defendant's acts of negligence and bad faith are sufficient to confer specific personal jurisdiction. Specifically, plaintiff argues that defendant's use of the telephone and the mail to Ohio, in acting negligently and in bad faith, support a finding of personal jurisdiction under the Ohio long-arm statute. Plaintiff further argues that defendant's acts and omissions have their effect in Ohio. Finally, plaintiff argues that defendant is subject to personal jurisdiction in Ohio based on the nationwide scope of the insurance policy.

Upon review, the Court finds that defendant is not subject to specific personal jurisdiction in Ohio. Exercising specific jurisdiction over defendant in this case does not comport with the requirements of due process as set forth in *Southern Machine*.

### 1. Purposeful Availment

Defendant has not purposefully availed itself of acting in Ohio. In examining the parties' relationship, the contacts defendant has with Ohio are purely fortuitous. As the Sixth Circuit

11

pointed out in *Calphalon,* "[t]he defendant was not attempting to 'exploit any market for its products' in the state of Michigan, but rather had contact with the state only because the plaintiff chose to reside there."  228 F.3d at 722-23.  Similarly, in this case, defendant did not direct any efforts toward Ohio with the purpose of "reach[ing] out beyond one state [to] create continuing relationships and obligations with citizens of another state."  *Id.* at 722 (citing *LAK, Inc. v. Deer Creek Ent.,* 885 F.2d 1293, 1298 (6th Cir. 1989) (citing *Burger King v. Rudzewicz,* 471 U.S. 462 (1985))).  Defendant had contacts with Ohio solely because plaintiff chose to move to Ohio after an accident that occurred while he was an insured under an insurance policy issued by defendant.

Plaintiff asserts defendant purposefully availed itself of acting in Ohio due to the nationwide geographic scope of the insurance policy, but Ohio cases have concluded that a nationwide geographic scope in an insurance policy does not satisfy the minimum contacts rule.  *See Beauregard v. Citizens Ins. Co.,* No. L-93-296, 1994 WL 198821 (Ohio Ct. App. May 20, 1994); *Jamison v. Farm Bureau Mut. Ins. Co.,* No. WM-95-004, 1995 WL 490957 (Ohio St. App. Aug. 18, 1995).  Plaintiff's reliance on *Payne v. Motorists' Mutual Insurance Co.,* 4 F.3d 452, 456 (6th Cir. 1993) to support his argument is misplaced, as the Sixth Circuit in *Payne* specifically premised its finding that jurisdiction existed upon the accident and related litigation occurring in the forum state.  *Payne,* 4 F.3d at 455 (citing *Farmers Insurance Exchange v. Portage La Prairie Mutual Insurance Co.,* 907 F.2d 911 (9th Cir. 1990)).  Here, the accident happened in Michigan.

        **2.**        **Cause of Action Arising from Defendant's Activities in the Forum State**

The Court also finds that the cause of action in this case does not arise from defendant's

activities in Ohio.  When a defendant is not physically present in a forum, a court may exercise jurisdiction over him if he "purposefully directs communications into the forum, and those communications form the 'heart' of the cause of action." *Intera Corp. v. Henderson,* 428 F.3d 605, 617-618 (6th Cir. 2005) (discussing the "arising from" prong of *Southern Machine*).  Defendant's activities directed toward Ohio are limited to telephone calls and letters to plaintiff, his health insurance carrier, and a vendor to repair plaintiff's wheelchair.  Defendant's communications into Ohio do not form the heart of the cause of action.  Plaintiff's claims arise from defendant's alleged breach of contract, negligence in failing to disclose available benefits, and bad faith in denying claims, not from the substance of defendant's communications with plaintiff, plaintiff's health insurance carrier, or repair vendors.

Although plaintiff argues that defendant's use of the telephone and mails to Ohio in committing its alleged acts of negligence and bad faith are sufficient to confer personal jurisdiction, the cases cited by plaintiff are distinguishable.  For example, the court in *Heritage Funding & Leasing Co. v. Phee,* 698 N.E.2d 67 (Ohio Ct. App. 1997) found the exercise of personal jurisdiction over defendant to be appropriate because defendant engaged in numerous phone calls with plaintiff that defendant placed from Ohio, executed documents in Ohio, and directed plaintiff to send documents and payments to Ohio.  *Premix, Inc. v. Zappitelli,* 561 F. Supp. 269 (N.D. Ohio 1983) involved an out-of-state defendant who solicited an Ohio employee of an Ohio company by telephone and mail to violate his employment agreement with that company.  The cases cited by plaintiff thus involved defendants having more substantial connections with Ohio, and the cases arose out of the communications defendants directed toward Ohio.

### 3. Reasonableness of Exercising Jurisdiction

The Court further finds that this controversy's connection with Ohio is not substantial enough to make the Court's exercise of personal jurisdiction over defendant reasonable. A court considers the following factors in determining whether the exercise of personal jurisdiction over a defendant is reasonable under *Southern Machine*: (1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; and (4) other states' interest in securing the most efficient resolution of the controversy. *Intera,* 428 F.3d at 618. While the burden on defendant would likely not increase significantly if defendant litigated this controversy in Ohio as opposed to Michigan, Michigan has a stronger interest in the outcome of this litigation than does Ohio. All of defendant's relevant conduct giving rise to plaintiff's claims occurred in Michigan, and the parties agree that Michigan's no-fault insurance laws apply. Finally, plaintiff's interest in obtaining relief is substantial, but the Michigan forum is readily available to him. Accordingly, the Court does not have specific personal jurisdiction over defendant.

## C. Ohio's Insurance Long-Arm Statute

Plaintiff asserts that the Court may exercise personal jurisdiction over defendant pursuant to Ohio Rev. Code § 3901.17(B), which specifically applies only "to the extent permitted by the constitutions of this state and of the United States." The Court has already found the exercise of personal jurisdiction over defendant in this case does not comport with the Due Process Clause, thus, even if the statute does apply, the Court would not have personal jurisdiction over defendant.

## D. Transfer of Venue

Defendant moves the Court to transfer this matter for convenience pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Eastern District of Michigan, Southern Division, if the Court finds that personal jurisdiction exists. Plaintiff opposes transfer of venue for convenience, but includes the following language in his opposition: "A final note on the personal jurisdiction issue is necessary. The remedy that ACIA seeks– dismissal– would not be appropriate even assuming arguendo that this Court agreed that it lacked personal jurisdiction. In such an event, the appropriate avenue would be transfer, not dismissal." In support, plaintiff cites *Pittock v. Otis Elevator Co.,* 8 F.3d 325, 329 (6th Cir. 1993).

Upon review, the Court finds that it cannot transfer this case pursuant to 28 U.S.C. § 1404(a) because it lacks personal jurisdiction over defendant. *Pittock,* 8 F.3d at 329 ("Section 1404(a) permits a change of venue for the convenience of parties and witnesses. However, a transfer under section 1404(a) may not be granted when the district court does not have personal jurisdiction over the defendants."). The Court, however, may transfer the case pursuant to 28 U.S.C. § 1406(a). *Id.* Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Based on defendant's representations, Michigan has personal jurisdiction over defendant and venue is proper there. The Court finds that transferring this case to the United States District Court for the Eastern District of Michigan rather than dismissing it would contribute to the "expeditious and orderly adjudication" of this case on its merits, which is certainly in the interest of justice. *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 467 (1962) (approving transfer of venue under § 1406(a) where transferor court lacked jurisdiction over defendants and venue was

15

appropriate in transferee court).  Accordingly, defendant's motion is denied.

## **CONCLUSION**

For the foregoing reasons, defendant's Motion to Dismiss First Amended Complaint for Lack of Personal Jurisdiction, or in the Alternative, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) is DENIED and this case is TRANSFERRED pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the Eastern District of Michigan, Southern Division.

IT IS SO ORDERED.


/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 1/20/10